```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
STATE FARM MUTUAL AUTOMOBILE            :
INSURANCE COMPANY and STATE FARM        :
FIRE AND CASUALTY COMPANY,              :
                                        :
                    Plaintiffs,         :
                                        :
                                        :
   -against-                            :
                                        :                ORDER
                                        :
ALEXANDER KHAIT, D.C.,                  :           21 Civ. 6690 (FB) (VMS)
ACCELERATED CHIROPRACTIC CARE,          :
P.C., ARIES CHIROPRACTIC CARE, P.C.,    :
ACTUAL CHIROPRACTIC, P.C.,              :
AMERICAN CHIROPRACTIC CARE, P.C.,       :
ATLANTIC CHIROPRACTIC CARE, P.C.,       :
BRONX CHIROPRACTIC CARE, P.C.,          :
URGENT CHIROPRACTIC CARE, P.C., and     :
ALLSTATE CHIROPRACTIC, P.C.,            :
                                        :
                    Defendants.         :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Non-party 2641 Group, Inc. ("2641 Group") filed the instant motion to quash a non-party subpoena Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire And Casualty Company (together, "State Farm" or "Plaintiffs") served on T.D. Bank, N.A. ("T.D. Bank") for 2641 Group's bank account records, on the grounds that it seeks irrelevant information and violates 2641 Group's privacy interests. See Mot. to Quash, ECF No. 41. State Farm opposed the motion. See State Farm Opp., ECF No. 42. 2641 Group replied. See ECF No. 44. The Court stayed compliance with the subpoena pending a decision on the motion to quash. For the following reasons, the motion to quash is granted. Plaintiffs must provide a copy of this Order to T.D. Bank by overnight delivery and file proof of service by 10/3/2023.

1

I. Background

Plaintiffs filed this action against Defendants Alexander Khait and several chiropractic corporations seeking a declaratory judgment and asserting claims of common law fraud, aiding and abetting fraud and unjust enrichment. See Compl., ECF No. 1. Plaintiffs allege that, beginning in 2014 and continuing to the present, Defendants engaged in a scheme to defraud Plaintiffs by submitting inflated charges to State Farm for medically unnecessary healthcare services, which were provided pursuant to a predetermined treatment protocol. See Compl., ECF No. 1 ¶ 37. Plaintiffs allege that Defendants paid "illegal kickbacks to non-party healthcare providers who controlled access to patients at various no-fault clinics in exchange for patient referrals as part of the fraudulent scheme." See Plfs. Opp., ECF No. 42 at 1; Compl. ECF No. 1 ¶¶ 39-62.

Plaintiffs served a subpoena on non-party TD Bank seeking documents for the accounts held by 2641 Group for the period from January 1, 2014 to the present, specifically,

> [a]ll documents related to the above-referenced account numbers and/or all documents related to any account that has been maintained by the above-referenced account holder, including: copies of all transaction statements, deposits, and/or withdrawal transactions and slips (including offsets), items of deposit (e.g., deposited checks), canceled checks, electronic fund transfers, wire transfers, account ledgers, account formation and governance documents, corporate resolutions, signature cards, account opening documents, powers of attorney, and all correspondence relating to the account(s).

See Subpoena, ECF No. 41-1.

2641 Group moved to quash the subpoena, arguing that "the complaint does not mention 2641 Group anywhere" and that "there is nothing resembling an allegation that some unknown entity – such as 2641 Group – is a fraudulent layperson owner of a medical provider Defendant." See Mot. to Quash, ECF No. 41 at 2. The letter motion asserts that "my client's personal privacy should not be sacrificed to spice and sex up the Plaintiff's prosaic allegations of 'medically

unnecessary' and 'predetermined treatment protocol' insurance company opinion driven pleadings – the epitome of layperson medicine." Id. at 4.

In opposition, Plaintiffs assert that they "obtained bank records in discovery showing [that] at least three [corporate Defendants] made payments to 2641 Group between 2015 and 2016, totaling approximately $34,607.44," but that Defendants have not provided any explanation for the payments. See Plfs. Opp., ECF No. 42 at 2. Plaintiffs argue that the subpoenaed bank records are relevant in light of "2641 Group's apparent relationship with at least three of the [corporate Defendants]." Id. Plaintiffs also allege that 2461 Group's owner, Vladimir Kutsyk, "has a long history of being involved in no-fault fraud schemes," and cite a criminal case "directly tying Kutsyk to a fraudulent scheme as the controller of several no-fault clinics." See Plfs. Opp., ECF No. 42 at 2-3.

In reply, 2641 Group argues that State Farm mischaracterized the criminal case involving Mr. Kutsyk and implies that the subpoena is a "fishing expedition." See Reply, ECF No. 44.

## II. Legal Standards

Federal Rule of Civil Procedure 45 permits a party to serve a document subpoena on a non-party. See Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must quash a subpoena "that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." See Fed. R. Civ. P. 45(d)(3). A court may also issue a protective order prohibiting compliance with a subpoena that exceeds the scope of discoverable information under Rule 26, i.e., "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); 26(c)(1); see Allstate Ins. Co. v. All Cnty., LLC, No. 19 Civ. 7121 (WFK) (SJB),

2020 WL 5668956, at *1 (E.D.N.Y. Sept. 22, 2020) (noting that a motion seeking to prevent compliance with a subpoena on relevance grounds is properly construed as a motion for a protective order—not a motion to quash—but acknowledging that "courts often use the language of quashing a subpoena when discussing relevance and proportionality").

As a starting point, only a subpoena's recipient may challenge it—a non-recipient "has standing to challenge [the] subpoena 'only if it has a privilege, privacy or proprietary interest in the documents sought.'" City of Almaty, Kazakhstan v. Ablyazov, No. 15 Civ. 5345 (AJN) (KHP), 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020); see Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., No. 22 Misc. 353 (RA) (GWG), 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) ("a non-recipient lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden") (internal quotation marks omitted).  Where a non-recipient lacks standing to challenge a subpoena on relevance or proportionality grounds, "the [c]ourt may nevertheless exercise its inherent authority to limit irrelevant or non-proportional discovery." See Hughes v. Hartford Life & Accident Ins. Co., 507 F. Supp. 3d 384, 405 (D. Conn. 2020).

"In this Circuit, courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege." Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., No. 12 Civ. 6383 (JFB) (AKT), 2017 WL 1133349, at *8 (E.D.N.Y. Mar. 24, 2017) (collecting cases).  "Nevertheless, a court will order tax returns and other sensitive financial information produced where it is relevant to the action and there is a compelling need for the documents because the information

4

is not otherwise readily available." State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14 Civ. 9792 (WHP) (JCF), 2015 WL 7871037, at *4 (S.D.N.Y. Dec. 3, 2015), aff'd, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016).  In some circumstances, financial and banking records may be discoverable to prove claims involving alleged insurance fraud kickback schemes.  See, e.g., id. at *3 (granting motion to compel the defendants' bank account records based in part on the plaintiff's assertion that it had "uncovered evidence of complex financial transactions that may have been used 'to conceal assets or income,'" which could in turn demonstrate intent to defraud); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., No. 04 Civ. 5045 (ILG), 2008 WL 2884446, at *2 (E.D.N.Y. July 23, 2008) (noting that the Magistrate Judge denied the defendants' motion to quash bank subpoenas that were "sufficiently descriptive and focused on documents relevant and necessary to the plaintiff's claims" that the "defendants paid kickbacks as part of a fraudulent scheme to perform and then bill plaintiff for medically unnecessary CPT tests").

**III. Discussion**

2641 Group seeks an order quashing the subpoena on relevance and privacy grounds. See generally Mot. to Quash, ECF No. 41.  As discussed, lack of relevance is not a valid basis for a motion to quash, and 2641 Group does not have standing to seek a protective order based on the purported irrelevance of the documents.  See All Cnty., 2020 WL 5668956, at *1; Silverstone Holding Grp, 2023 WL 163256, at *2.  2641 Group has standing only to move to quash the subpoena based on the asserted privacy interest.  See Langford, 513 F.2d at 1126.  The Court may, however, exercise its inherent power to limit the subpoena if it exceeds Rule 26's scope.  See Hughes, 507 F. Supp. 3d at 405.

Based on the complaint's allegations and Plaintiffs' proffer, the Court finds that Plaintiffs have established that a very limited number of the bank records may be relevant to Plaintiffs' claims. As discussed, the complaint alleges that Defendants engaged in a scheme to defraud State Farm by submitting inflated charges for medically unnecessary healthcare services. Plaintiffs seek to show that Defendants paid kickbacks to non-parties and seek to determine whether payments to 2641 Group were part of the scheme. Some of 2461 Group's bank account records, therefore, might arguably be relevant to Plaintiffs' claims, although Plaintiffs only speculate as to the illegitimate nature of the payments.

The Court finds that, as currently written, the subpoena seeks far more than the few limited documents that relate to the allegedly suspect transactions. Thus, it is overbroad and overly invasive of 2641 Group's privacy interests under both Rules 26 and 45. The subpoena seeks, inter alia, "[a]ll documents related to [2641 Group's] account numbers," including transaction statements, items of deposit including checks, electronic fund transfers, wire transfers, account ledgers, and "all correspondence related to the account," for an approximately nine-year period. See Subpoena, ECF No. 41-1. Plaintiffs seek nine years' worth of records because that is the period during which State Farms alleges the fraudulent activity has taken place, although they only state they have obtained documents showing a few payments in 2015 and 2016. They do not offer evidence that any association with 2641 Group continued beyond 2016, despite their access to Defendants and Defendants' records.

The subpoena is also not sufficiently limited in scope because it is not limited to documents related to the Defendants. Plaintiffs have not shown evidence or even offered an explanation as to how the operations of 2641 Group beyond transactions with Defendants could be relevant. Rather, this is a classic fishing expedition based on Defendants' alleged association

6

with Mr. Kutsyk. The vast majority of the responsive records that T.D. Bank would be required to produce upon processing the subpoena would likely be irrelevant. Because most of the responsive documents would be irrelevant but would reveal private and potentially sensitive financial information, the subpoena unnecessarily compromises 2461 Group's privacy interests.

Accordingly, the Court quashes the subpoena without prejudice. Plaintiffs may issue another subpoena that is tailored to the documents that they can demonstrate are relevant to their claims and that is not overly invasive of privacy.

### IV. Conclusion

For the foregoing reasons, 2461 Group's motion to quash is granted without prejudice to Plaintiffs issuing a narrower subpoena. Plaintiffs must provide a copy of this Order to T.D. Bank by overnight delivery and file proof of service by 10/3/2023. Counsel are reminded of the status report due October 16, 2023 per the April 20, 2023 Order.

Dated: Brooklyn, New York
September 26, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge